T.C. Summary Opinion 2003-115


UNITED STATES TAX COURT


CYNTHIA MEDINA, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14760-02S.                    Filed August 19, 2003.


   Cynthia Medina, pro se.

   Daniel N. Price, for respondent.


   DEAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $514 in petitioner's Federal income tax for 2000.  The issue for decision is whether petitioner was required to report $3,531 of interest income she received from the redemption of United States savings bonds.

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference.  At the time the petition was filed, petitioner resided in San Antonio, Texas.

## Background

In 2000, petitioner cashed and deposited proceeds from two U.S. savings bonds at Security Service Federal Credit Union (Security Service).  The bonds were purchased by petitioner's father (Mr. Medina) beginning in 1982.  Petitioner redeemed the first bond on August 23, 2000, for proceeds of $8,001, and the second bond on December 20, 2000, for proceeds of $204.[1] Security Service issued petitioner a Form 1099-INT, Interest Income, for interest of $3,531 earned on the redeemed savings bonds.

Respondent issued a notice of deficiency determining that petitioner failed to report as income the interest earned on the savings bonds.

---

[1] Amounts are rounded to the nearest dollar.

## Discussion

A taxpayer generally bears the burden of proving that the Commissioner's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). If the requirements of section 7491(a)(1) are met however, the burden of proof with respect to factual issues relevant to ascertaining the tax liability of the taxpayer shifts to the Commissioner. The Court finds that the burden of proof does not shift to respondent because petitioner has failed to comply with the requirements of section 7491(a).

Gross income includes all income from whatever source derived, unless specifically excluded from income under the exclusion provisions of the Internal Revenue Code. Sec. 61; Dickman v. Commissioner, 465 U.S. 330, 334 (1984). Section 61 specifically lists "interest" as a source of gross income. Sec. 61(a)(4); sec. 1.61-4, Income Tax Regs.

Petitioner argues that she is not required to include the interest she received from the redemption of the bonds in her total gross income because she used the funds for higher education expenses.

Section 135(a) provides that, in the case of an individual who pays qualified higher education expenses during the taxable year, no amount shall be includable in gross income by reason of the redemption during such year of any qualified U.S. savings bond. The term "qualified higher education expenses" includes

tuition and fees required for the enrollment or attendance of the taxpayer at an eligible educational institution. Section 135(a) specifically requires qualified education expenses to be paid during the taxable year in which the bonds were redeemed. Petitioner redeemed her bonds in 2000. Respondent does not dispute that petitioner was enrolled at Palo Alto College (PAC) in San Antonio, Texas, as a freshman in January 2001, but respondent has no information on petitioner's academic standing during 2000, the taxable year at issue. Further, petitioner has not provided respondent with documentation showing that she paid qualified education expenses in 2000. The records petitioner provided show that all of her payments for tuition and fees to PAC were made during 2001.

Section 135(c) states that in order for a savings bond to be a "qualified United States savings bond" it must have been issued after December 31, 1989. Mr. Medina testified that he began purchasing the bonds in 1982 when his daughter was born. Petitioner produced no evidence that either of the bonds was purchased after December 31, 1989. The Court, therefore, cannot find that section 135 is applicable to this case.

Because petitioner has not shown that she redeemed qualified savings bonds and that she had qualified higher education expenses in 2000, the Court holds that petitioner was required to report $3,531 of interest income on her 2000 tax return.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.